IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MILTON TAYLOR, #06193-016<br>       Petitioner<br>       v.<br><br>WARDEN LISA HOLLINGSWORTH<br>       Respondent. | *<br><br>*<br><br>*<br>*** | <br><br>CIVIL ACTION NO. DKC-07-970<br> |

**MEMORANDUM**

Milton Taylor, an inmate at the Federal Correctional Institution in Cumberland, Maryland, filed the instant 28 U.S.C. § 2241 Petition for habeas corpus challenging the actions of the U.S. Parole Commission ("Commission"). He claims that: (1) the Commission was abolished by the Sentencing Reform Act; (2) Commission officers have acted as quasi-judicial offers, violating the separation of powers; and (3) he has never waived his right to a probable cause or revocation hearing. Petitioner seemingly contends that a parole revocation warrant was issued against him on December 14, 2006, and he was coerced into signing a "plea agreement" to 8 months imprisonment and a new term of supervised release of 52 months, which was contrary to his 20-month prison term and his two-year term of supervised release, both of which had already been served. He seeks release from custody.

Respondent has filed an answer and Petitioner has replied. Paper Nos. 9 & 10. The case shall be determined on the pleadings and without oral hearing. For reasons to follow, the Petition shall be denied and dismissed.

On June 14, 2002, Petitioner was convicted of the distribution of heroin in the Superior Court of the District of Columbia. The court suspended a five-year prison sentence and instead imposed a term of two years' probation followed by a five-year term of supervised release. *See Taylor v. Norton*, 2006 WL 1071517 (D. D. C). On May 7, 2004, however, the Superior Court revoked

probation and imposed a term of 20 months imprisonment, followed by a two-year term of supervised release. *Id.*; *see also* Paper No. 9, Ex. A.

The record shows that Petitioner was released from prison on June 18, 2005, to serve his supervised release term. On March 30, 2006, his supervisor informed the Commission that Petitioner had failed to comply with the conditions of supervised release (failure to report or appear for supervised contacts, drug testing, and CIT assessment and illegal use of controlled dangerous substances) and requested that the Commission issue a warrant for Petitioner's arrest. *Id.*, Ex. B. On April 20, 2006, the Commission issued a warrant for Petitioner. *Id.*, Ex. C. Petitioner was arrested on October 23, 2006. A Commission hearing examiner conducted Petitioner's probable cause hearing on October 27, 2006. *Id.*, Ex. D. Petitioner admitted to two of the charged parole violations and denied the two remaining charges. *Id.* The hearing examiner advised Petitioner that he had found probable cause to believe Petitioner had violated the conditions of supervised release. *Id.*

On December 8, 2006, the Commission advised Petitioner that he was eligible for an "expedited revocation procedure"[1] if he was willing to accept responsibility for his violations, waive his right to a revocation hearing, and consent to the revocation on the record. *Id.*, Ex. E. The Commission advised Petitioner that if did consent to the procedure, it would revoke his supervised release term and impose a new term of 8 months imprisonment and 52 months of supervised release, along with a special condition of drug aftercare during his supervised release term. *Id.*

On December 14, 2006, Petitioner accepted the Commission's expedited revocation proposal. *Id.*, Ex. F. The Commission's decision, which corresponded with the offer agreed to by

---

[1] *See* 28 C.F.R. § 2.66

Petitioner, was issued on December 28, 2006. Paper No. 9, Ex. G. On June 22, 2007, Petitioner was released from custody to the supervised release term on June 22, 2007. *Id*., Ex. A.

Petitioner argues that the Commission had no authority over his case because the Commission was abolished by the Sentencing Reform Act ("SRA").[2] Contrary to his assertions, however, the Commission remains in existence, at least until October of 2008, due to several legislatively-passed extensions. *See* United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035 (Sept. 29, 2005).[3] This argument is rejected by the court.

To the extent that Petitioner alleges that the Commission usurped judicial authority and violated the separation of powers by imposing or extending his sentence, the allegations are without merit. The National Capital Revitalization and Self-Government Improvement Act ("Act") transferred parole release and revocation functions over District of Columbia ("D.C.") felony offenders from the former D.C. Board of Parole to the Commission. *See Franklin v. District of Columbia*, 163 F.3d. 625, 632 (D.C. Cir. 1998); *see also Simmons v. Shearin*, 295 F.Supp.2d 599, 602 (D. Md. 2003). The Act also gave the Commission the authority to make revocation decisions for D.C. offenders such as Petitioner who were placed on supervised release. *See* D.C. Code §§ 24-133(c)(2) and 24-403.01(b)(6). Further, as correctly noted by Respondent, sentencing decisions have long been a shared responsibility among the legislative, judicial, and executive branches and,

---

[2] With his release from prison to supervised release, Respondent argues that Petitioner's challenges to his revocation hearing and his request to be released from custody have become moot and cite to the case of *Weinstein v. Bradford*, 423 U.S. 147 (1975) (offender released on parole no longer had an interest in the procedures used to grant parole). This case is inopposite, however, as Petitioner remains in "custody" on his D.C. offenses.

[3] *See also Taylor v. Norton,* 05-1634, 2006 WL 1071517, at *1 (D. D.C. Apr.21, 2006); *Feist v. Schultz,* No. 03-6868, 2006 WL 657003, at *3 (E.D. Cal. Mar. 13, 2006); *Miller v. Veltri,* No. 04-175, 2005 WL 2083025, at *2 (S.D. Ill. Aug.16, 2005).

when the legislative branch gave the Commission the responsibilities of imposing conditions of release and revoking supervised release for D.C. felony offenders under the D.C. determinate sentencing scheme, it was only maintaining the executive branch functions that had been traditionally and appropriately delegated to that branch of government. The Commission does not exercise a judicial function and its decisions do not violate the separation of powers. *See Thompson v. District of Columbia Dep't of* Corrections, — F.Supp.2d —, 2007 WL 2774718, at *2 (D. D.C. 2007).

Finally, Petitioner claims he never waived his right to a probable cause or revocation hearing. The record evidence does not support this claim. Petitioner in fact received a probable cause hearing on October 27, 2006. He was informed of the Commission's finding that there was probable cause to believe he had violated the conditions of his supervised release term. Further, Petitioner does not deny that he was offered and accepted the expedited proposal submitted by the Commission in writing. In so doing, he waived his right to a revocation hearing, consented to the sanction proposed by the Commission, and forfeited his administrative appeal with the Commission.[4]

Petitioner states that he was somehow coerced into signing the expedited proposal. He provides no evidence in support of this claim. In addition, although Petitioner argues that the expedited proposal is analogous to a "plea agreement" and he is entitled to a federal judicial determination as to whether his agreement was voluntary, the court finds such arguments unavailing. The proposal is not a plea agreement, but is an offer to consent to revocation for a decision deemed appropriate by the Commission. *See* 28 C.F.R. § 2.66 (Expedited Revocation Procedure). Finally,

---

[4] As previously noted, when offering the expedited proposal, the Commission advised Petitioner that if he did consent to the procedure, it would revoke his supervised release term and impose a new term of 8 months imprisonment and 52 months of supervised release, along with a special condition of drug aftercare for his supervised release term.

Fed. R. Crim. P. 11 applies to criminal prosecutions, not supervised release or parole revocation proceedings.

For the aforementioned reasons, the Petition for writ of habeas corpus shall be denied and dismissed. A separate order follows.

Date: October 29, 2007

/s/
DEBORAH K. CHASANOW
United States District Judge